# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 3:17-cr-00231-2 |
| | ) | Judge Aleta A. Trauger |
| | ) | |
| YASEL FUENTES NODARSE | ) | |

## MEMORANDUM AND ORDER

Before the court are the government's Motion for Entry of a Consent Order of Forfeiture Consisting of a Money Judgment in an Amount to Be Determined by the Court as to Counts One and Three [of] the Indictment (Doc. No. 82) and the defendant's Response to Government Notice of Filing Proposed Order of Forfeiture (Doc. No. 109).

**I.  Background**

Defendant Yasel Fuentes Nodarse pleaded guilty on May 10, 2018 to Counts 1 and 3 of the three-count indictment, to charges of conspiracy to commit bank fraud and aggravated identity theft (Count 1) and bank fraud (Count 3). He was sentenced on August 16, 2018 to time served (25 months in custody), three years of supervised release, and restitution and forfeiture in an amount to be determined. (*See* Doc. Nos. 88 (minute entry) & 117 (Judgment).) Following an evidentiary hearing on September 14, 2018, the court determined that the defendant would be ordered to pay restitution in the amount of $2,248.91 and forfeiture of $707,599.05, which he owes jointly and severally with his co-conspirators. (Doc. No. 101; Doc. No. 118-1, at 8.)

The government's motion was filed prior to sentencing and well before the evidentiary hearing during which the court made a determination as to the restitution and forfeiture amounts. Shortly after it was filed, the parties clarified that the defendant had not actually consented to

entry of the proposed Consent Order of Forfeiture submitted with the motion, though defense counsel did not otherwise object to the government's proposed terms. Rather, he indicated that he simply had not had the opportunity to have it translated into Spanish and to discuss it with his client. (*See* Doc. Nos. 84, 110-1.) The government withdrew the proposed Consent Order of Forfeiture and substituted in its place a Proposed Order of Forfeiture (Doc. No. 86-1) (the "first amended Proposed Order") that omitted any reference to the defendant's consent. The defendant did not object to the terms of the first amended Proposed Order. Following the evidentiary hearing at which the court determined the amounts of restitution and forfeiture, the government filed another Proposed Order of Forfeiture ("second amended Proposed Order") incorporating those precise amounts. (Doc. No. 106-1.) The second amended Proposed Order otherwise differs only slightly from the first amended Proposed Order.

The defendant does not object to the entry of a Final Order of Forfeiture or to the amount of forfeiture and restitution to be ordered. His Response to Government Notice of Filing Proposed Order of Forfeiture (Doc. No. 109) instead incorporates objections to seven ancillary provisions contained in the government's second amended Proposed Order—most of which were also contained in the first amended Proposed Order. Pursuant to the court's directive, the government filed its Response to Defendant's Objections to Conditions in Proposed $707,599.05 Order of Forfeiture. (Doc. No. 110.) The government insists that all of the proposed terms are appropriate but agrees to the deletion of three of the seven clauses to which the defendant objects.

**II.     Discussion**

The defendant's objections to the language to be included in the Final Order of Forfeiture, the government's responses, and the court's resolution of each objection are set forth

below.

1. Paragraph A of the proposed Order states: "Pursuant to Rule 32.2(c)(1), 'no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.'" (Doc. No. 106-1 ¶ A.) The defendant contends that this provision is "superfluous and should be deleted," because Rule 32.2(c)(1) and the reference to "ancillary proceedings" do not apply to the defendant. (Doc. No. 109, at 3.) The government maintains that the language accurately quotes the rule and is appropriate.

The referenced rule states:

> **In General.** If, as prescribed by statute, a third party files a petition asserting an interest in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment.

Fed. R. Crim. P 32.2(c)(1). The court agrees with the government that the Final Order of Forfeiture that will eventually be entered in this case is "more akin to a final order of forfeiture" that does not require notification to third parties, rather than a preliminary order of forfeiture as to specific property. (*See* Doc. No. 110, at 7.) Moreover, the Federal Rules of Criminal Procedure will govern proceedings that fall within their purview, regardless of whether their language is specifically quoted in an order of forfeiture.

However, the court also agrees with the defendant that no preliminary order of forfeiture was entered in this case and the government has never identified any specific property or substitute property that is subject to forfeiture. *See* Fed. R. Crim. P. 32.2(b)(2)(A). Consequently, no third-party ancillary proceeding will be required prior to entry of a final order of forfeiture. In that sense, the defendant is correct that the incorporation of the quoted portion of Rule 32.2(c)(1) is unnecessary. *See United States v. Zorrilla-Echevarria*, 671 F.3d 1, 6 (1st Cir. 2011) ("There is no provision for third party involvement in the forfeiture determination. . . . That is because '[a]

money judgment is an in personam judgment against the defendant and not an order directed at specific assets in which any third party could have any interest.'" (quoting Fed. R. Crim. P. 32.2 advisory committee's notes on the 2000 amendments)).

The court therefore **GRANTS** this objection regarding the final sentence of Paragraph A of the second amended Proposed Order, and will not include this language in the Final Order of Forfeiture.

2.  Paragraph B of the Proposed Order states that the "United States may engage in discovery . . . without further application to the Court to facilitate the identification and location of property declared forfeited, substitute assets, and to facilitate the disposition of any petitions for remission, mitigation or restoration." (Doc. No. 106-1 ¶ B.) The defendant objects that this clause is not supported by citation to any authority and that Rule 32.2 "does not allow for the open-ended and broad discovery" the government seeks to pursue.

The government asserts that it is "clearly" entitled to "engage in discovery in an attempt to satisfy the $707,599.05 forfeiture judgment via the location of substitute assets." (Doc. No. 110, at 7.) Most of the authority it cites in support of that broad assertion does not support its position, however. Rule 32.2 provides that "[t]he entry of a *preliminary* order of forfeiture authorizes the Attorney General . . . to conduct any discovery the court considers proper in identifying, locating, or disposing of" property subject to forfeiture. Fed. R. Crim. P. 32.2(b)(3) (emphasis added). It does not expressly authorize post-judgment discovery following entry of a *final* order of forfeiture. The criminal forfeiture statute upon which the government relies requires court permission to take any depositions:

> In order to facilitate the identification and location of property declared forfeited and to facilitate the disposition of petitions for remission or mitigation of forfeiture, after the entry of an order declaring property forfeited to the United States, *the court may, upon application of the United States*, order that the

> testimony of any witness relating to the property forfeited be taken by deposition and that any designated book, paper, document, record, recording, or other material not privileged be produced at the same time and place, in the same manner as provided for the taking of depositions under Rule 15 of the Federal Rules of Criminal Procedure.

21 U.S.C. § 853(m) (emphasis added). And the Inmate Financial Responsibility Program, which the government also references, is entirely voluntary. Though refusal to participate entails numerous adverse consequences for inmates, 28 C.F.R. § 545.11, the existence of the program alone does not authorize any particular form of discovery to facilitate assets to satisfy a forfeiture judgment.

Nonetheless, the law is clear that, once a money judgment in the form of a forfeiture order is entered against a criminal defendant, the government becomes a judgment creditor and "may enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." *United States v. Flores*, No. 1:10CR332-2, 2012 WL 1463602, at *2 & n.5 (M.D.N.C. April 27, 2012) (quoting 18 U.S.C. § 3613(a)). As such, the government may invoke the procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 *et seq.*, which provides that the government, in seeking to enforce a judgment, "may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt."[1] 28 U.S.C. § 3015(a); *see also* Fed. R. Civ. P. 69(b) ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules [i.e., the Federal Rules of Civil

---

[1] The government is not required to bring a separate civil suit to vindicate its interest, however. *Accord Flores*, 2012 WL 1463602, at *2 n.5 (quoting *United States v. Scarboro*, 352 F. Supp. 2d 714, 716 (E.D. Va. 2005)); *see also United States v. Idema*, 118 F. App'x. 740, 743 (4th Cir. 2005) ("[The defendant] has offered no principled basis—and we have found none—to prohibit the government from seeking to enforce this restitution order against him in the same criminal case in which it was originally imposed.").

Procedure]. . . ."); *Flores*, 2012 WL 1463602, at *2.

Based on this principle, the government asserts that it included the discovery language in its proposed orders "because this language assumes acceptance of responsibility and a willingness on the part of defendant to satisfy the Court's forfeiture and restitution orders without engaging in needless returns to the court for each discovery tool." (Doc. No. 110, at 8.) It submits that the language is appropriate. (*Id.* at 9.)

The defendant's objection to the language in Paragraph B of the second amended Proposed Order is **GRANTED IN PART**. Because it appears that the defendant is no longer so willing to be cooperative, the language included in the Final Order of Forfeiture will state that the United States may take written discovery in accordance with the Federal Rules of Civil Procedure. If the United States believes that the taking of depositions will facilitate its identification of substitute assets or the disposition of any petitions for remission, mitigation or restoration, it may apply to the court for permission to take such depositions, in accordance with 21 U.S.C. § 853(m) and Fed. R. Crim. P. 15, or, alternatively, obtain the defendant's consent.[2]

3. The Proposed Order states that the "United States Probation and Pretrial Services will provide Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery." (Doc. No. 106-1 ¶ C.) The defendant insists that Rule 32.2 does not allow the release of the PSR to a "third party" unless that third party makes a showing of "special need" to obtain the document. (Doc. No. 109, at 5.

The defendant is generally correct that the courts should not grant third parties access to a

---

[2] The court must note that, since the defendant probably already has been deported, the government is unlikely to be able to engage in any discovery it seeks.

defendant's PSR absent some showing of special need. *U.S. Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988)). By statute, however, the court is required to "provide a copy of the presentence report to the attorney for the Government to use in collecting an assessment, criminal fine, forfeiture or restitution imposed." 18 U.S.C. § 3552(d). The court finds that the Asset Forfeiture Unit of the United States Attorney's Office is not a third party but a member of the United States Attorney's prosecution team as it relates to forfeitures. (*See* Doc. No. 110, at 9.)

Because the prosecution team already has a copy of the PSR, it is not entirely clear to the court why this language is necessary. Regardless, because this disclosure does not constitute a disclosure to a third party, the court **OVERRULES** the defendant's objection to this language.

4. The Proposed Order states: "Any financial statement submitted in this matter for a pro bono attorney by Defendant is hereby released to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery." (Doc. No. 106-1 ¶ D.) The defendant objects that Rule 32.2 does not allow release of the CJA-23, that the government has not provided any authority to support its request for the information of the CJA-23, and that any request for its release must be made by motion. (Doc. No. 109, at 6–7.) The government responds that, because counsel has been appointed and the financial information in the CJS-23 is relevant for other purposes, its disclosure may be included in the forfeiture order.

Without addressing the merits of either party's position, the court finds that the CJA-23 submitted by the defendant in this case is completely devoid of information that will assist the government in locating assets. It provides only that the defendant has been unemployed since February 2014, has no other source of income, no cash, no property, is divorced with two minor children, and, as of the date he completed the form, had been in custody for sixteen and one-half months. Regardless of whether it would ever be appropriate to require release of the CJA-23

form, doing so here would serve no purpose. Accordingly, the court **GRANTS** the defendant's objection and will exclude this provision from the Final Order of Forfeiture.

5. The Proposed Order would require the defendant to provide his tax returns for every year from 2016 through payment of the full forfeiture amount to the Asset Forfeiture Unit of the U.S. Attorney Office and further states that the "IRS shall release any of Defendant's tax returns" for the same period to the Asset Forfeiture Unit. (Doc. No. 106-1 ¶¶ E, F.)

The Proposed Order cites no authority for these provisions, and the defendant insists that Rule 32.2 neither requires the defendant to release his tax returns nor allows the IRS to release his tax returns. In response, the government maintains that this is a "standard" provision in any Order of Forfeiture in "cases in which a defendant is cooperative and wishes to pay his debt to society," and that it is also permissible for the defendant to sign a release using IRS form 8821, authorizing the IRS to release his tax returns. The government, however, does not oppose removal of these paragraphs from the Proposed Order.

The court therefore **GRANTS** the defendant's objection and will not include the language in paragraphs E and F in the Final Order of Forfeiture.

6. Finally, the defendant objects to paragraph I of the second amended Proposed Order, which states in full: "The United States shall assist in the remission and restoration process for the victims of this crime so that any funds obtained via substitute assets may, if appropriate, reduce the Defendant's restitution order as well as the Order of Forfeiture."

This paragraph, as originally drafted, stated:

> Although it is the intent of the parties that any payment that Defendant makes toward forfeiture will be credited to reduce the restitution amount via the remission and restoration process, the Money Laundering and Asset Recovery Section of the U.S. Department of Justice retains ultimate discretion regarding whether to grant or deny any request related to the remission and restoration

process.

(Doc. No. 86-1 ¶ K.) According to the defendant, insofar as language in the later version differs from the language of the first amended Proposed Order regarding "how [the government] would apply payments to both restitution and forfeiture," the changes are retaliatory in response to the court's awarding less money in restitution than the government sought. (Doc. No. 109, at 8.) He insists that the language in the earlier proposed order is more appropriate.

The government responds that the revision was not retaliatory but, instead, intended to assist the defendant insofar as the revised version would require the government to actively assist in the remission and restoration process. In light of the defendant's objection, the government now states that the revised language "seems overly generous," as it is "normally associated with a cooperative defendant and requires additional effort on the part of the Asset Forfeiture Unit to monitor the remission and restoration process in any attempt to assist the defendant as well as his victims." (Doc. No. 110, at 10.) The government, accordingly, does not object to reverting to the "passive" language used in the first amended Proposed Order.

Although it appears to be to his detriment, the defendant's request to use the language of paragraph K from the August 18, 2018 first amended Proposed Order (Doc. No. 86-1) is **GRANTED**. That language shall be incorporated into the Final Order of Forfeiture.

### III.    Conclusion and Order

The government's Motion for Entry of Order of Forfeiture (Doc. No. 82) is **GRANTED** insofar as the court will enter an order of forfeiture. The defendant's objections to the language in the government's second amended Proposed Order of Forfeiture (Doc. No. 106-1) are **GRANTED IN PART** and **OVERRULED IN PART**, as set forth above.

Within seven days, the government shall prepare and submit to the court a proposed Final Order of Forfeiture consistent with this Order.

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge