UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES**<br>　　Plaintiff<br><br>vs<br><br>**YASEL FUENTES NODARSE**,<br>　　Defendant | Case No. 3:17-00231<br><br>Hon. Trauger |

**REVISED FINAL ORDER OF FORFEITURE CONSISTING OF
MONEY JUDGMENTS IN THE AMOUNT OF $23,145.96 UNITED STATES
CURRENCY AS TO COUNTS ONE AND THREE OF THE INDICTMENT**

Based on the Court's acceptance of Defendant Yasel Fuentes Nodarse's plea of guilty to Counts One and Three, the agreement of the defendant to an Order of Forfeiture consisting of a Money Judgment in an amount to be determined by the Court at sentencing, the Court's Indicative Ruling (D.E. 165) that it would grant a joint motion to compromise the forfeiture in this case on remand from the Sixth Circuit Court of Appeals, and the order from the Sixth Circuit Court of Appeals (D.E. 179) vacating the Revised Final Orders of Forfeiture (D.E. 127 and 131) and remanding the case to the District Court for further proceedings, the Court finds as follows:

WHEREAS, on December 6, 2017, the United States filed an Indictment charging Defendant, in pertinent part, at Count One with conspiring to commit bank fraud and aggravated identity theft in violation of 18 U.S.C. § 371 and, in pertinent part, at Count Three with bank fraud in violation of 18 U.S.C. § 1344,

WHEREAS, the Forfeiture Allegation of the Indictment gave notice pursuant to 18 U.S.C. § 981(a)(1)© and 28 U.S.C. § 2461 that upon conviction of the offenses alleged in Count

1

One, Defendant shall forfeit to the United States of America any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of the offense of conviction or a conspiracy to commit such an offense, including, but not limited to, a money judgment of at least $560,000.00 United States currency, representing the proceeds of the scheme and artifice to defraud as set forth in Count One of the Indictment.

WHEREAS, the Forfeiture Allegation of the Indictment gave notice pursuant to 18 U.S.C. § 982(a)(2) that upon conviction of the offenses alleged in Count Two and Count Three of the Indictment, Defendant shall forfeit to the United States of America any property which constitutes or is derived from proceeds obtained directly or indirectly, as a result of the offense(s), including but not limited to a Money Judgment in the amount of at least $560,000.00 United States currency, representing the proceeds of the scheme and artifice to defraud as set forth in Counts Two and Three of the Indictment.

WHEREAS, the Forfeiture Allegation of the Indictment also gave notice to Defendant that in the event the proceeds, as a result of any act or omission of Defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and it is intent of the United States pursuant to Title 21 United States Code, Section 853(p) to seek the forfeiture of any other property of Defendant up to the value of the property listed above as subject to forfeiture;

WHEREAS, Defendant has had an opportunity to be heard on this matter and has pled guilty to Counts One And Three of the Indictment; has appealed the forfeiture order in this matter to the Sixth Circuit Court of Appeals and on remand has agreed to $23,145.96 as a compromise of the amount of proceeds of his offenses of conviction, and that the United States is entitled to a money judgment in that amount and that said amount is subject to forfeiture.

NOW THEREFORE it is hereby ORDERED that:

A. A Final Order of Forfeiture Consisting of Money Judgments in the Amount of $23,145.96 United States Currency as to Counts One and Three of the Indictment ("Order of Forfeiture") is hereby taken against Defendant. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture shall become immediately final as to Defendant, and shall be made part of the sentence and included in the Judgment in a Criminal Matter by reference herein.

B. The United States may take written discovery in accordance with the Federal Rules of Civil Procedure. If the United States believes that the taking of depositions will facilitate its identification of substitute assets or the disposition of any petitions for remission, mitigation or restoration, it may apply to the court for permission to take such depositions, in accordance with 21 U.S.C. § 853(m) and Fed. R. Crim. P. 15, or, alternatively, obtain the defendant's consent.

C. The United States Probation and Pretrial Services will provide Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

D. The defendant's interest in substitute assets, once identified, shall be forfeited up to the amount of $23,145.96 and the United States may, at any time, move pursuant to Rule 32.2(e)

to amend this Order of Forfeiture to include substitute property having a total value of $23,145.96

E. Upon payment of said Order of Forfeiture in full, the United States shall file a satisfaction of judgment with the District Court and the appropriate clerk of the county in which any transcript or abstract of the Order of Forfeiture has been filed.

F. Although it is the intent of the parties that any payment that Defendant makes toward forfeiture will be credited to reduce the restitution amount via the remission and restoration process, the Money Laundering and Asset Recovery Section of the United States Department of Justice retains ultimate discretion regarding whether to grant or deny any request related to the remission and restoration process.

G. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of the money judgment is made in full.

H. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

IT IS SO ORDERED this __22nd__ day of ___October___, 2019.

_____
ALETA A. TRAUGER
United States District Judge